UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOSEA JACKSON,

                Petitioner,

-against-

WARDEN W.S. PLIRER, OTISVILLE FCI;
TOM MARCELLE, JUSTICE OF COHOES
CITY COURT; A.U.S.A. ROBERT SHARE,
BAR ROLL NO. 302573, NORTHERN
DISTRICT OF NY ALBANY,

                Respondents.

21-CV-3163 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      Movant, currently incarcerated in F.C.I. Otisville, brings this *pro se* "Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241," challenging the constitutionality of his conviction and sentence in the United States District Court for the Northern District of New York, entered in *United States v. Jackson,* No. 09-CR-0407 (DNH) (N.D.N.Y. Sept. 8, 2011). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      The proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Movant has already challenged this conviction and sentence by filing a § 2255 motion. That motion was denied on the merits by the district court, and the denial was affirmed on appeal. *United States v. Jackson*, No. 13-CV-0930 (DNH) (S.D.N.Y. Aug. 27, 2014), *aff'd*, No. 14-3452 (2d Cir. Feb. 6, 2015).

An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive § 2255 motion without providing the movant an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Movant has already filed a § 2255 motion that was decided on the merits, this application is recharacterized as a second or successive § 2255 motion.

Before a movant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Movant has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Movant must request permission to pursue this motion from the United States Court of Appeals for the Second Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Second Circuit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Movant and note service on the docket.

In the interest of justice, the Court transfers this second or successive § 2255 motion to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631. *Liriano*, 95 F.3d at 122–23 (holding that second or successive § 2255 motions should be transferred to the appropriate court of appeals). This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:   April 19, 2021
        New York, New York

                                  /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                              Chief United States District Judge